NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff - Appellee,<br><br>v.<br><br>**FIDELIS NEGBENEBOR,**<br><br>Defendant - Appellant. | No. 14-50531<br><br>D.C. No. 2:13-00477-RGK-1<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 29, 2016
Pasadena, California

Before:    **KOZINSKI** and **BYBEE**, Circuit Judges, and **WALTER**,[**] Senior District Judge.

**1.**    An affidavit is deemed to be incorporated into a warrant "if (1) the warrant expressly incorporated the affidavit by reference and (2) the affidavit

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

either is attached physically to the warrant or at least accompanies the warrant while agents execute the search." United States v. SDI Future Health, Inc., 568 F.3d 684, 699 (9th Cir. 2009) (internal quotation marks omitted). If incorporated, "we evaluate the affidavit and the warrant as a whole, allowing the affidavit to cure any deficiencies in the naked warrant." Id. (internal quotation marks omitted). Because the search warrant here referenced Attachment B, which described the property to be seized, and copies of Attachment B were present during the search, it follows that Attachment B was incorporated into the warrant.

2.     Negbenebor claims that, even if incorporated into the warrant, Attachment B doesn't cure the warrant's deficiencies because it is overbroad. "[T]he level of detail necessary in a warrant is related to the particular circumstances and the nature of the evidence sought." United States v. Adjani, 452 F.3d 1140, 1147 (9th Cir. 2006); see also United States v. Meek, 366 F.3d 705, 716 (9th Cir. 2004) ("The proper metric of sufficient specificity is whether it was reasonable to provide a more specific description of the items at that juncture of the investigation."). Attachment B properly described the categories of items to be seized in light of the sophisticated identity theft scheme that Negbenebor was a part of. The warrant wasn't overbroad.

**3.** Negbenebor also claims that the agents serving the warrant didn't comply with Federal Rule of Criminal Procedure 41. See Fed. R. Crim. P. 41. Assuming this argument wasn't waived, Negbenebor failed to show that the agents serving the warrant "intentional[ly] and deliberate[ly] disregard[ed]" Rule 41. United States v. Martinez-Garcia, 397 F.3d 1205, 1213 (9th Cir. 2005). The agents could have reasonably believed that they couldn't serve Attachment B because it was sealed.

**AFFIRMED.**